UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

---

**JAIME WALTER VILCA ROJAS**,

    PLAINTIFF,

vs.

**BILL SCHUETTE**, Attorney General Of the State of Michigan, **KRISTE KIBBEY ETUE**, Director the Michigan State Police,

    DEFENDANTS.

Case No. 1:13-cv-264

Hon. Gordon J. Quist

**AMENDED 42 U.S.C. §1983 COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**JURY TRIAL DEMAND**

---

**AVANTI LAW GROUP, PLLC**
Robert Anthony Alvarez (P66954)
Attorney for Plaintiff
600 28th St. SW
Wyoming, MI 49509
(616) 257-6807

---

### I.  Preliminary Statement

NOW COMES Plaintiff, by and through his attorneys, and hereby brings this action for Declaratory and Injunctive Relief.  This is an action brought under 42 U.S.C. §1983 to address the unconstitutionality of Michigan's Sex Offender Registration law (MSORA).[1]  Plaintiff challenges the MSORA as applied to him, and requests that they be declared in violation of the U.S. and Michigan Constitutions and permanently enjoin the Defendants from enforcing the MSORA against him.  Specifically, the Plaintiff alleges that the MSORA violate the Due Process, Substantive Due Process, Double Jeopardy, Contracts and Takings clauses of the U.S. and Michigan Constitutions.  Furthermore, Plaintiff alleges that the MSORA violate his rights to

---

[1] M.C.L. 28.721 et seq..

acquire, possess and protect property; his right to seek and obtain safety and happiness; his right to travel, life and liberty; and his right to freedom of association and religion guaranteed by the First Amendment and Due Process Clause of the U.S. Constitution as well as the rights guaranteed him under the Michigan Constitution.  Finally, Plaintiff alleges that he is not required to register under the MSORA and that he has been falsely and recklessly persecuted and forced to register in violation of all rights guaranteed to him under the United States and Michigan Constitutions as well as the MSORA itself.

## II.     Jurisdiction

1. This court has original subject matter jurisdiction over the alleged violations of the U.S. Constitution pursuant to 42 U.S.C. §1983 and 28 U.S.C. §1331 and §1343.  Pursuant to 28 U.S.C. §1367(a), this court has supplemental jurisdiction over the Plaintiff's state law claims.  This court has jurisdiction to issue injunctive and declaratory relief pursuant to 28 U.S.C. §2201 and 42 U.S.C. §1983.

2. Venue is proper in this district pursuant to 28 U.S.C. §1391.  All parties work and reside in Michigan and the actions complained of herein occurred in the western district of Michigan.

## III.    Parties

3. Plaintiff is a resident of Muskegon County, Michigan and was convicted of a sexual offense in 1991.  He is currently classified as a Tier 3 level offender requiring registration for the remainder of his life.

4. Defendant Bill Schuette is the Attorney General for the State of Michigan.  He is being sued in his official capacity.

5. Defendant Kriste Kibbey Etue is the Director the Michigan State Police. Defendant Etue

is being sued in her official capacity.

6. Defendants Schuette and Etue are herein collectively referred to as "Defendants".

### IV. General Allegations

7. On October 30, 1991, Plaintiff plead guilty to a felony count of Lewd and Lacivious Act with a Child in the state of California and sentenced to jail and three years of probation.

8. Plaintiff was required to register with the state of California as sex offender for five years following his release from jail in May 1992.

9. Plaintiff was released from jail after serving approximately six months and then was released from probation approximately one year later in 1993.

10. Plaintiff petitioned the Superior Court for the County of Los Angeles in December 1996 to have his plea of guilty withdrawn and conviction set aside.

11. The California court granted Plaintiff's petition on February 26, 1997.

12. Plaintiff was not required to register as a sex offender in California upon successful completion of his probation in 1993.

13. Plaintiff was not required to register as a sex offender in California upon having the conviction set aside by the California court.

14. Plaintiff moved to the state of Michigan in early 2000 and has resided in Muskegon, Michigan since that time.

15. Plaintiff purchased a home in Muskegon County on or about January 22, 2010.

16. Plaintiff was cited by the Muskegon Police on October 12, 2010 for failure to verify his registration requirement as a sex offender and for living within a school zone allegedly in violation of state law.

17. Despite Plaintiff's attempts to alert the Muskegon Prosecutor's office of the mistake in

      requiring him to register as a sex offender under the MSORA, the prosecutor's office re-affirmed that Plaintiff was indeed required to register.

18. The Muskegon Prosecutor's office made an independent determination that Plaintiff was indeed required to register as a sex offender after conducting its own research and investigation.

19. Plaintiff was threatened by the prosecutor's office with felony charges if he did not register as a sex offender with the State of Michigan and move from his then current residence located within a school zone.

20. Plaintiff was forced to sell his home at a significant loss and move so as to comply with his forced registration under the MSORA.

21. Plaintiff was and is now prohibited from actively participating in the education and upbringing of his children due to the registration requirement and limitation on his movement and presence within a school zone.

22. Plaintiff is now required to register as a sex offender for a term of life despite having been given a sentence by a California court requiring only a five year registration and the lack of a requirement of his registration since the completion of his sentence.

23. In addition to having to register as a sex offender for life, Plaintiff is now also required to report to the state of Michigan anytime within his lifetime that he[2]:

    a.    changes or vacates his residence or domicile;

    b.    changes his place of employment, or employment is discontinued;

    c.    enrolls as a student with an institution of higher education, or enrollment is discontinued;

---

[2] M.C.L. 28.725

    d.    changes his name;

    e.    intends to temporarily reside at any place other than his residence for more than 7 days;

    f.    establishes any electronic mail or instant message address, or any other designations used in internet communications or postings;

    g.    purchases or begins to regularly operate any vehicle, and when ownership or operation of the vehicle is discontinued;

    h.    report in person and notify the registering authority having jurisdiction where his residence or domicile is located immediately before he changes his domicile or residence to another state;

    i.    report in person and notify the registering authority having jurisdiction where his or her residence or domicile is located not later than 21 days before he changes his domicile or residence to another country or travels to another country for more than 7 days;

24.    The MSORA also now requires Plaintiff to provide a plethora of personal information, and to update that information for the remainder of his life, including[3]:

    a.    legal name and any aliases, nicknames, ethnic or tribal names, or other names by which he is or has been known;

    b.    social security number and any social security numbers or alleged social security numbers previously used;

    c.    date of birth and any alleged dates of birth previously used;

    d.    address where he resides or will reside;

---

[3] M.C.L. 28.727

e. name and address of any place of temporary lodging used or to be used during any period in which he is away, or is expected to be away, from his residence for more than 7 days including dates;

f. name and address of each of his employers including general areas where he works and the normal travel routes taken by him in the course of his employment;

g. name and address of any school being attended by him and any school that has accepted him as a student that he plans to attend including a trade school;

h. all telephone numbers registered to him or routinely used;

i. all electronic mail addresses and instant message addresses assigned to him or routinely used by him and all login names or other identifiers used by him when using any electronic mail address or instant messaging system;

j. license plate number, registration number, and description of any motor vehicle, aircraft, or vessel owned or regularly operated by him and the location at which the motor vehicle, aircraft, or vessel is habitually stored or kept;

k. driver license number or state personal identification card number;

l. a digital copy of his passport and other immigration documents;

m. occupational and professional licensing information, including any license that authorizes him to engage in any occupation, profession, trade, or business;

n. a brief summary of his convictions for listed offenses regardless of when the conviction occurred, including where the offense occurred and the original charge if the conviction was for a lesser offense;

o. his complete physical description;

p. his fingerprints or palm prints or both.

25. Plaintiff has suffered anxiety and stress due to the significant changes and reporting requirements that he is now subject to under MSORA for the rest of his life especially when he was not required to register or report for over fifteen years.

26. Plaintiff has suffered anxiety and stress due to having to sell his then recently purchased home at a loss in order to comply with the requirements of his new registration requirements.

### V.   COUNT I - Violation of the Fourteenth Amendment of the United States Constitution under 42 U.S.C. §1983 (Due Process)

27. Plaintiff incorporates by reference each and every allegation from the preceding paragraphs.

28. The MSORA is vague, ambiguous and fail to sufficiently define who is subject to the laws, what their affects are, what their penalties for failure to comply with them are, in violation of the Due Process clause of the Fourteenth Amendment of the United States Constitution.

29. The MSORA violates the Due Process Clause because they reassess offenders and subject them to new restrictions and requirements, regardless of any actual risk to society and without the possibility of any hearing and without any requirement by the State of Michigan to provide offenders with any notice of their classification or any new prohibitions or requirements.

30. The MSORA also violates the Due Process Clause of the U.S. Constitution because they fail to rationally further any legitimate governmental purpose.

31. The MSORA similarly violates the Due Process Clause of the U.S. Constitution because they vary the terms contained in the plea agreement entered into by Plaintiff with the State of California.

32. The Plaintiff has been and continues to be injured by these constitutional violations, and Plaintiff is entitled to declaratory and injunctive relief.

### VI.     Count II - Violation of the Michigan Constitution, Article I, §17 (Due Process)

33. Plaintiff incorporates by reference each and every allegation from the preceding paragraphs.

34. The MSORA is vague, ambiguous and fail to sufficiently define who is subject to the laws, what their affects are, what their penalties for failure to comply with them are, in violation of the Due Process clause of the Michigan Constitution.

35. The MSORA violates the Due Process Clause because they reassess offenders and subject them to new restrictions and requirements, regardless of any actual risk to society and without the possibility of any hearing and without any requirement by the State of Michigan to provide offenders with any notice of their classification or any new prohibitions or requirements.

36. The MSORA also violates the Due Process Clause of the Michigan Constitution because they fail to rationally further any legitimate governmental purpose.

37. The MSORA similarly violates the Due Process Clause of the Michigan Constitution because they vary the terms contained in the plea agreement entered into by Plaintiff with the State of California.

38. The Plaintiff has been and continues to be injured by these constitutional violations, and Plaintiff is entitled to declaratory and injunctive relief.

### VII.     Count III - Violation of the First Amendment to the United States Constitution under 42 U.S.C. §1983 (Free Exercise of Religion)

39. Plaintiff incorporates by reference each and every allegation from the preceding

paragraphs.

40. Pursuant to 42 U.S.C. §1983, this claim is brought because the MSORA unlawfully interferes with Plaintiff's right to practice religion without undue government interference without regard as to the actual known risk of Plaintiff to the community as churches and other places of worship fall within the places that Plaintiff is prohibited from residing.

41. The Plaintiff has been and will continue to be injured by these constitutional violations, and the Plaintiff is entitled to declaratory and injunctive relief.

VIII.   Count IV - Violation of Michigan Constitution, Article I, §4
(Free Exercise of Religion)

42. Plaintiff incorporates by reference each and every allegation from the preceding paragraphs.

43. This claim is brought because the MSORA unlawfully interferes with Plaintiff's right to practice religion without undue government interference without regard as to the actual known risk of Plaintiff to the community as churches and other places of worship fall within the places that Plaintiff is prohibited from residing.

44. The Plaintiff has been and will continue to be injured by these constitutional violations, and the Plaintiff is entitled to declaratory and injunctive relief.

IX.   Count V - Violation of Fourteenth Amendment to the United States Constitution
under 42 U.S.C. §1983   (Substantive Due Process)

45. Plaintiff incorporates by reference each and every allegation from the preceding paragraphs.

46. Pursuant to 42 U.S.C. §1983, this claim is brought because MSORA unlawfully interferes

with Plaintiff's fundamental rights to free association, travel, and to raise his children without undue governmental interference because Plaintiff's ability to travel, attend church or other religious services, go to court or attorney offices, parent his children, and live with his family.

47. Plaintiff has been and will continue to be injured by these constitutional violations, and the Plaintiff is the entitled to declaratory and injunctive relief.

### X.   Count VI - Violation of Michigan Constitution, Article I, §17 (Substantive Due Process)

48. Plaintiff incorporates by reference each and every allegation from the preceding paragraphs.

49. This claim is brought because MSORA unlawfully interferes with Plaintiff's fundamental rights to free association, travel, and to raise his children without undue governmental interference because Plaintiff's ability to travel, attend church or other religious services, go to court or attorney offices, parent his children, and live with his family.

50. Plaintiff has been and will continue to be injured by these constitutional violations, and the Plaintiff is the entitled to declaratory and injunctive relief.

### XI.   Count VII - Violation of the Fifth Amendment to the United States Constitution under 42 U.S.C. §1983   (Double Jeopardy)

51. Plaintiff incorporates by reference each and every allegation from the preceding paragraphs.

52. The MSORA imposes new punishments on Plaintiff such as new registration obligations, community notification as well as movement and residence restrictions based on the crime originally committed over 15 years ago without regard to any actual risk of recidivism, in violation of the Double Jeopardy Clause of the U.S. Constitution.

53. The Plaintiff has been and continues to be injured by these constitutional violations and the Plaintiff is entitled to declaratory and injunctive relief.

### XVII.    Count VIII - Violation of Article 1, §15 of the Michigan Constitution (Double Jeopardy)

54. Plaintiff incorporates by reference each and every allegation from the preceding paragraphs.

55. The MSORA imposes new punishments on Plaintiff such as new registration obligations, community notification as well as movement and residence restrictions based on the crime originally committed over 15 years ago without regard to any actual risk of recidivism, in violation of the Double Jeopardy Clause of the Michigan Constitution.

56. The Plaintiff has been and continues to be injured by these constitutional violations and the Plaintiff is entitled to declaratory and injunctive relief.

### XIII.    Count IX - Violation of Article 1, §10 to the United States Constitution under 42 U.S.C. §1983   (Contracts Clause)

57. Plaintiff incorporates by reference each and every allegation from the preceding paragraphs.

58. The MSORA operates a substantial impairment to the pre-existing contractual relationship between the state of California and Plaintiff's guilty plea agreement by imposing new terms not negotiated which drastically increase, and, or require lifetime supervision, registration and community notification.

59. The Plaintiff has been and continues to be injured by these constitutional violations and the Plaintiff is entitled to declaratory and injunctive relief.

### XIV.    Count X - Violation of Article I, §10 to the Michigan Constitution (State Contract Clause)

60. Plaintiff incorporates by reference each and every allegation from the preceding paragraphs.

61. The MSORA operates a substantial impairment to the pre-existing contractual relationship between the state of California and Plaintiff's guilty plea agreement by imposing new terms not negotiated which drastically increase, and, or require lifetime supervision, registration and community notification.

62. The Plaintiff has been and continues to be injured by these constitutional violations and the Plaintiff is entitled to declaratory and injunctive relief.

## XV.   Count XI - Violation of the Fifth Amendment to the United States Constitution under 42 U.S.C. §1983   (Takings Clause)

63. Plaintiff incorporates by reference each and every allegation from the preceding paragraphs.

64. The MSORA, by placing residential and movement restrictions on Plaintiff, unconstitutionally restricts Plaintiff's property rights to the point that it constitutes a regulatory taking requiring just compensation.

65. Plaintiff was forced to move from his home and suffered a substantial loss in the sale of that home in order to comply with the forced registration demanded by the Defendants.

66. The Plaintiff has been and continues to be injured by these constitutional violations and the Plaintiff is entitled to declaratory and injunctive relief.

## XVI.   Count XII -  Statutory Claim

### Defendants Have Required Plaintiff to Register in Violation of MCL 28.723(1)

67. Plaintiff incorporates by reference each and every allegation from the preceding paragraphs.

68.  Plaintiff was not convicted of a listed offense in the state of Michigan.

69.  Plaintiff was convicted in the state of California of Lewd and Lacivious Act with a Child.

70.  Under MCL 28.723(1)(b), "An individual convicted of a listed offense on or before October 1, 1995 if on October 1, 1995 he or she is on probation or parole, committed to jail, committed to the jurisdiction of the department of corrections, or under the jurisdiction of the juvenile division of the probate court or the department of human services for that offense or is placed on probation or parole, committed to jail, committed to the jurisdiction of the department of corrections, placed under the jurisdiction of the juvenile division of the probate court or family division of circuit court, or committed to the department of human services after October 1, 1995 for that offense" is required to register under the MSORA.

71.  Under MCL 28.723(1)(d), "an individual from another state who is required to register or otherwise be identified as a sex or child offender or predator under a comparable statute of that state" is required to register under the MSORA.

72.  Plaintiff was not probation or parole, committed to jail, committed to the jurisdiction of the department of corrections on October 1, 1995 nor was he placed on probation or parole, committed to jail, committed to the jurisdiction of the department of corrections, placed under the jurisdiction of the juvenile division of the probate court or family division of circuit court, or committed to the department of human services after October 1, 1995.

73.  Plaintiff is not required to register as a child sex offender or predator under the registration laws of the state of California.

74.  Plaintiff is therefore not required to register in Michigan.

75. In the alternative, Defendants have failed to provide any proof that Plaintiff was convicted after October 1, 1995 or was incarcerated or under form of correctional supervision on or after October 1, 1995.

76. MSORA does not apply to individuals who were convicted prior to October 1, 1995, unless those individuals were still incarcerated or on probation or on parole on October 1, 1995, or unless those individuals are convicted of a new felony offense after July 1, 2011. See MCL 28.723.

77. Plaintiff has not been convicted of a new felony offense after July 1, 2011.

### XXII.    Prayer for Relief

WHEREFORE, Plaintiff requests this Honorable Court for the following:

A. A declaration that the MSORA violates, as applied by the Defendants to the Plaintiff, the due process clause of the U.S. and Michigan Constitutions;

B. A declaration that the MSORA violates, as applied by the Defendants to the Plaintiff, the First Amendment to the United States Constitution;

C. A declaration that the MSORA violates, as applied by the Defendants to the Plaintiff, the right to practice religion without governmental interference as protected by the Michigan Constitution;

D. A declaration that the MSORA violates, as applied by the Defendants to the Plaintiff, the double jeopardy clause of the U.S. and Michigan Constitutions;

E. A declaration that the MSORA violates, applied by the Defendants to the Plaintiff, the contracts clause of the U.S. and Michigan Constitutions;

F. A declaration that the MSORA violate, as applied by the Defendants to the Plaintiff, the takings clause of the U.S. Constitution;

G.	A declaration that Plaintiff is not required to register under the MSORA;

H.	An Order requiring Plaintiff be removed from the Sex Offender Registry;

I.	A permanent injunction prohibiting each Defendant from enforcing the MSORA;

J.	Reasonable costs and attorney fees; and

K.	Any further relief the Court deems appropriate.

### XXIII.	Demand for Jury Trial

Plaintiff demands a trial by Jury on all causes of action.

**AVANTI LAW GROUP, PLLC**

Dated: August 21, 2013

*/s/ Robert Anthony Alvarez*
Robert Anthony Alvarez (P66954)